UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN, ET AL.**, <br><br> Plaintiffs, <br><br> vs. <br><br> **ALPHA ELECTRIC & ENGINEERING, L.L.C.; BRIAN ABBOTT**, <br><br> Defendants. | 2:18-CV-12410-TGB <br><br><br> **ORDER GRANTING MOTION FOR INSTALLMENT PAYMENTS** |

Before the Court is Defendant Brian Abbott's Motion for Installment Payments. ECF No. 66.

### I.  Background

On November 4, 2019, the parties stipulated to a consent judgment to resolve Plaintiffs' claim that Defendants failed to pay certain fringe benefit contributions owed under a collective bargaining agreement. ECF No. 26. The amount owed by Defendants under the Amended Consent Judgment is $79,132.61. *Id.* at PageID.191.

On January 22, 2020, Defendant Brian Abbott filed a motion to amend order for installment payments. ECF No. 66. In the Motion,

Abbott states that his monthly income is approximately $6,686.00 per month and that he owes $3,396.02 in rent/mortgage payments and $443.00 in utilities each month. *Id.* He also states that each month he spends $900 on food, $360 for childcare, $227.72 for cable, and pays $558.72 to the State of Michigan for reasons that are not specified. *Id.* Though Abbott did not check the appropriate box, based on statements made on the form, the Court interprets Abbott to be requesting that he be permitted to satisfy the amount owed under the Amended Consent Judgment by making installment payments of $212.06 each month. *Id.*

On February 5, 2020, Plaintiffs filed an opposition. ECF No. 68. Plaintiffs do not oppose Defendant Abbott's request for installment payments, but argue that $212.06 each month is insufficient. *Id.* at PageID.281. Plaintiffs assert that a writ of garnishment typically attaches twenty-five percent of disposable after-tax earnings, and based on the figures in Abbott's Motion, Plaintiffs argue that Abbott should owe $1,671.50 per month—or approximately seven times the amount requested by Abbott. *Id.*

## II. Legal Standard

Rule 64 of the Federal Rules of Civil Procedure provides that state garnishment procedures may be used to secure satisfaction of a federal court judgment, subject to any applicable federal statute. Fed. R. Civ. P. 64(a). Michigan law permits garnishment of personal property to satisfy a judgment. Mich. Comp. Laws § 600.4011. Federal law limits garnishments to a maximum of 25% of disposable earnings each week, unless the debtor earns minimum wage or near minimum wage. 15 U.S.C. § 1673. Michigan Court Rule 3.104(a) provides that "[a] party against whom a money judgment has been entered may move for entry of an order permitting the judgment to be paid in installments" in accordance with Mich. Comp. Laws. § 600.6201 *et seq.* Section 600.6201 permits the Court to "make a written order permitting the defendant to pay the judgment in installments, at such times and in such amounts as in the opinion of the judge, the defendant is able to pay." Mich. Comp. Laws § 600.6201(1). Whether to permit an installment judgment is a matter within the discretion of the court. *Id. Ins. Co. of N. Am. v. Dynamic Constr. Co.*, 48 F.3d 1219 (6th Cir. 1995) ("The granting of permission to pay in installments is discretionary with the judge.").

### III. Discussion

According to Abbott's affidavit, Abbott's income is $6,686 per month. ECF No. 66, PageID.274. Abbott's monthly expenses are $3,396 in rent/mortgage, $443 for utilities, $900 for food, $360 for childcare, $227.72 for Comcast, and $558.72 owed to the State of Michigan. *Id.* Abbott asks the Court to permit him to pay the judgment in installments of $212.06 per month, even though the garnishment statute permits Plaintiffs to garnish 25% of Abbott's wages—or $1,671.50 per month.

Based on the information proved by Abbott, the Court finds that Abbott cannot afford to pay $1,671.50 per month, but that he can afford to pay more than $212.06 per month. Subtracting Abbott's $5,885.44 in monthly expenses from his monthly $6,686 in wages yields an excess of $800.56. Therefore, taking into account the need for some reasonable flexibility due to emergencies or unforeseen and unavoidable expenses, the Court will order Abbott to satisfy the judgment to Plaintiffs in monthly installments of $700.

Pursuant to Michigan Court Rule 3.101(N)(1), writs of garnishment for periodic payments are hereby suspended as long as Abbott remains in compliance with the terms of this Order. *See* Mich. Ct. R. 3.101(N)(1)

("An order for installment payments under M.C.L. 600.6201 *et seq.*, suspends the effectiveness of a writ of garnishment of periodic payments for work and labor performed by the defendant from the time the order is served on the garnishee.").

## IV. Conclusion

For the reasons herein, the Motion for Installment Payments (ECF No. 66) is **GRANTED**. Abbott shall satisfy the amount owed under the Amended Consent Judgment (ECF No. 26) in $700 monthly installments.

DATED this 28th day of May, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge